CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 11 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID V. WOLFE, ) | |
| Plaintiff, ) | Civil Action No. 7:09-cv-00220 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ROANOKE CITY JAIL, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff David Wolfe, a federal inmate proceeding pro se, filed this complaint, which the court construes as an action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672 et seq. Wolfe claims that the Roanoke City Jail, Carilion Hospital Staff, Dr. Thomas Bolton, and the United States Marshals Service provided inadequate medical treatment concerning his jaw.[1] The court finds that his claims are untimely filed and, therefore, dismisses this action.

I.

While incarcerated at the Roanoke City Jail, Wolfe was assigned a top bunk for sleeping. On August 31, 2006, while climbing down from his top bunk, Wolfe stepped on a chair and the chair slid out from under him, causing him to fall and hit the right side of his face on the metal toilet. Wolfe was taken to Carilion Hospital where x-rays were taken of his jaw and back. The doctor determined that Wolfe had a bruised jaw and prescribed medication and a liquid diet. Wolfe was then taken back to the Roanoke City Jail. Weeks later, his jaw was still in pain. He informed the nurse at the Roanoke City Jail of his jaw pain and she told him that once the swelling went down, he would be okay.

On October 20, 2006, Wolfe was transferred to the Oklahoma City Federal Prison. Upon

---

[1] To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the Roanoke City Jail is not a "person" subject to suit under 42 U.S.C. § 1983, Wolfe cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Moreover, it is not clear from the face of the complaint whether the Carilion Hospital Staff and Dr. Thomas Bolton were acting under color of state law. However, the court need not decide that issue and will not allow Wolfe an opportunity to amend his complaint because his claims nevertheless fail.

arriving, Wolfe spoke with the institution's doctor regarding his jaw pain. The doctor told Wolfe that since he was in Oklahoma for only a brief period, Wolfe should notify the doctor at his next destination of his jaw pain.

On October 31, 2006, Wolfe arrived at Allenwood Federal Prison. Upon arriving, Wolfe was given both medical and dental examinations. During his examinations, a nurse took x-rays of his jaw. Thirty minutes after his examination, Wolfe was told that his jaw was broken. In November 2006, Wolfe saw an oral surgeon who operated on Wolfe's jaw fracture, extracted a tooth, and prescribed him antibiotics. On December 12, 2006, Wolfe went to the hospital and was placed on intravenous medication. Since then, on multiple occasions, Wolfe has had follow-up doctor appointments and x-rays taken of his jaw.

## II.

To the extent Wolfe's claim can be considered under § 1983, the court finds it is untimely filed. For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Wolfe's claim of constitutional violations by the Roanoke City Jail, Carilion Staff, and Dr. Thomas Bolton took place in Virginia and, therefore, Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.[2]

---

[2] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes

2

In this case, Wolfe's § 1983 claim accrued, at the latest, on October 31, 2006, when he learned that his jaw was broken. Wolfe filed this action on March 4, 2009, more than two years and four months after the alleged cause of action accrued. Accordingly, the court finds that Wolfe's § 1983 claim is barred by the statute of limitations.

### III.

To the extent Wolfe attempts to bring his claim against the United States Marshals Service under the FTCA, this claim is also untimely filed. The applicable statute of limitations for FTCA claims provides that a tort claim will be barred unless it is presented to the appropriate federal agency within two years after the claim accrues and the federal suit begins within six months after the agency mails its final notice of denial. 28 U.S.C. § 2401(b).

On April 9, 2007, the United States Marshals Service mailed its final notice of denial of Wolfe's FTCA claim, and advised him that he had six months to file suit in the appropriate United States District Court. Therefore, Wolfe had until October 9, 2007 to timely file his FTCA action in the district court. However, Wolfe did not file his complaint against the United States until March 4, 2009, approximately 512 days after his time to file a timely FTCA action passed. Accordingly, the court finds that Wolfe's complaint is time-barred.

### IV.

For the stated reasons, this action is dismissed as untimely filed. The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 11th day of June, 2009.

United States District Judge

---

of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.